IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

THE ESTATE OF KAREN A. SMITH, LEAH LOCKE
as Administratrix of the ESTATE OF KAREN A. SMITH;
LEAH LOCKE, individually and on behalf of all
Wrongful death beneficiaries of KAREN A. SMITH;
CHELSEA MORTON, individually and on behalf of all
Wrongful death beneficiaries of KAREN A. SMITH;
and RACHEL KNIGHT, individually and on behalf of all
Wrongful death beneficiaries of KAREN A. SMITH    PLAINTIFFS

V.        CAUSE NO. 1:15cv104-SA-DAS

TISHOMINGO COUNTY, MISSISSIPPI;
GLENN WHITLOCK, individually and in his
official capacity as a SHERIFF OF TISHOMINGO
COUNTY, MISSISSIPPI; BENNY PARRISH,
individually and in his official capacity as JAIL
ADMINISTRATOR FOR THE TISHOMINGO
COUNTY SHERIFF'S DEPARTMENT
and JOHN DOE DEFENDANTS 1-15    DEFENDANTS

**COMPLAINT**
**(Jury Trial Demanded)**

COME NOW, the Plaintiffs, The Estate of Karen A. Smith; Leah Locke as

Administratrix of the Estate of Karen A. Smith; Leah Locke, individually and on behalf of all

Wrongful death beneficiaries of Karen A. Smith; Chelsea Morton, individually and on behalf of

all Wrongful death beneficiaries of Karen A. Smith; and Rachel Knight, individually and on

behalf of all Wrongful death beneficiaries of Karen A. Smith (hereinafter referred to collectively

as "Plaintiffs") and state their causes of action for damages for violation of rights, privileges, and

immunities under the Fourth, Eighth and Fourteenth Amendments of the United States

Constitution pursuant to 42 U.S.C. 1983 and under common law and state statutes, as follows:

## I.     PARTIES

1.     Plaintiff Leah Locke is an adult resident citizen of the State of Mississippi. Leah Locke is a party to this suit as Administatrix of the Estate of Karen A. Smith, deceased, and in her individual capacity as the biological daughter of Karen A. Smith, as an heir to the estate of Karen A. Smith, and as wrongful death beneficiary of Karen A. Smith.

2.     Plaintiff Chelsea Morton is an adult resident citizen of the State of Mississippi.  Chelsea Morton is a party to this suit as the biological daughter of Karen A. Smith, deceased, as an heir to the Estate of Karen A. Smith, and as wrongful death beneficiary of Karen A. Smith.  Chelsea Morton joins in the wrongful death action asserted by Leah Locke.

3.     Plaintiff Rachel Knight is an adult resident citizen of the State of Florida. Rachel Knight is a party to this suit as the biological daughter of Karen A. Smith, deceased, as an heir to the Estate of Karen A. Smith, and as wrongful death beneficiary of Karen A. Smith.  Rachel Knight joins in the wrongful death action asserted by Leah Locke.

4.     Defendant, Tishomingo County, Mississippi (hereinafter "Tishomingo County"), is a political subdivision of the State of Mississippi and at all times relevant operated under color of state law. Defendant, Tishomingo County is responsible for the Tishomingo County Sherriff's Department and for the training, actions and supervision of its law enforcement officers/deputies acting under color of state law and pursuant to its recognized customs, policies, procedures and practices. Defendant, Tishomingo County is further responsible for the Tishomingo County Jail and for the training, actions and supervision of its jail employees and officers acting under color of state law and pursuant to its recognized customs, policies, procedures and practices.

Defendant, Tishomingo County may be served with process through its Chancery Clerk, Peyton Cummings.

5.      Defendant, Glenn Whitlock is the Sheriff of the Tishomingo County, Mississippi, and at all times relevant operated under color of state law. Glenn Whitlock is being sued in his official capacity as the Sheriff of the Tishomingo County, Mississippi, as well as in his individual capacity.  Defendant, Glenn Whitlock is responsible for the Tishomingo County Sherriff's Department and for the training, actions and supervision of its Deputies acting under color of state law and pursuant to its recognized customs, policies, procedures and practices. Defendant, Glenn Whitlock is further responsible for the Tishomingo County Jail and for the training, actions and supervision of its jail employees and officers acting under color of state law and pursuant to its recognized customs, policies, procedures and practices.  He may be served with process at his place of employment at 1208 Bettydale Drive, Iuka, Mississippi 38852.

6.      Defendant, Benny Parrish is the Jail Administrator for the Tishomingo County Sheriff's Department, and at all times relevant operated under color of state law. Benny Parrish is being sued in his official capacity as the Jail Administrator as well as in his individual capacity.  Defendant, Benny Parrish is responsible for the Tishomingo County Jail and for the training, actions and supervision of its jail employees and officers acting under color of state law and pursuant to its recognized customs, policies, procedures and practices.  He may be served with process at his place of employment at 1208 Bettydale Drive, Iuka, Mississippi 38852.

7.      John Doe Defendants 1-15, in their individual and official capacities, all of whose names are presently unknown but will be substituted by amendment when ascertained, are unnamed Tishomingo County employees, jailers, Sheriff Deputies and/or other persons or

entities whose actions and/or inactions violated the constitutional and civil rights of Karen A. Smith and which form the basis of this lawsuit.

## II.    JURISDICTION AND VENUE

8.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1331 and 1343, federal question jurisdiction arising out of 42 U.S.C. § 1983.  This Court has jurisdiction over all non-federal questions claims pursuant to 28 U.S.C. § 1367 as the other claims bear such close relation to the claims in the action with the original jurisdiction of this Court that it would have supplemental jurisdiction.  Venue is proper and appropriate under 28 U.S.C. § 1391 as the events and/or omissions giving rise to Plaintiffs' claims occurred within this judicial district.  The Defendants are corporations, persons, foundations or other entities subject to personal jurisdiction doing business within this district and/or a substantial part of the events or omissions that give rise to the claims occurred in this district.  The Defendants are subject to personal jurisdiction here at the time the action is commenced.  This Court's contacts with the parties are sufficient to exercise *in personam* jurisdiction over all Defendants.

## III.    NOTICE

9.    Plaintiffs sent Mississippi Tort Claim notice letters to the Defendants on March 12, 2015, pursuant to the provisions of M.C. A. § 11-46-1.  Accordingly, Plaintiffs have fully complied with all provisions of the Mississippi Tort Claims Act.  Because the Defendants have not accepted or rejected the Plaintiffs' claims since the service of claims notice letters, the Plaintiffs' state law claims are ripe for adjudication.

## IV.    FACTS

10.     On June 1, 2014, Tishomingo County Sheriff Deputies were dispatched to the Tishomingo County home of Karen A. Smith on a report that Ms. Smith had overdosed on Tylenol and/or Acetaminophen.

11.     The aforementioned deputies, with knowledge that Karen A. Smith had overdosed, detained Ms. Smith, removed from her home and transported her to the Tishomingo County Jail without seeking necessary medical assistance on her behalf.

12.     Ms. Smith was then detained in the Tishomingo County Jail until on or about June 4, 2014, all the while suffering extreme physical and mental anguish without necessary medical care procured on her behalf.

13.     On or about June 4, 2014, Karen A. Smith was found multiple times unresponsive in her cell, and after several hours, was transported to the North Mississippi Medical Center in Iuka, Mississippi, where she died from complications of acetaminophen toxicity.

14.     Karen A. Smith had committed no crime, nor at any time relevant hereto was she accused of or charged with the commission of any crime.

15.     At all times relevant to this lawsuit, Defendants were acting under the color of laws and regulations of the State of Mississippi and Tishomingo County.

16.     Sheriff Glenn Whitlock, Benny Parrish and John Doe Defendants 1-15, acting within the course and scope of their employment with Tishomingo County and under color of law, unlawfully detained Karen A. Smith without due process and subjected her to cruel and inhumane treatment throughout her detainment. Said Defendants failed to properly train and supervise the deputies and jail staff, and failed to enact proper procedure regarding lawful detainment and the treatment of persons detained.

17.     Defendants were acting in the absence of adequate supervision and/or training as it relates to the proper manner in which to respond to calls involving injured or possible overdosed persons, how to conduct investigations, lawful arrests and detainments, and the proper treatment of persons detained.  Defendants Tishomingo County, Glenn Whitlock and Benny Parrish, by failing to provide deputies and jailers with adequate supervision and/or training and by failing to enact consistent and unambiguous policies, exhibited deliberate indifference to the known and/or obvious needs for better supervision, training, or enactment of adequate policies and the consequences which result from their absence.

18.     Tishomingo County lacks adequate, clear and unambiguous policies regarding the manner in which to respond to calls involving injured or possible overdosed persons, how to conduct a proper investigation, and regarding lawful arrests and detainments and the proper treatment of persons detained.  The lack of adequate, clear and unambiguous policies was the moving force behind the abuse of Karen A. Smith and violation of her civil and constitutional rights.

19.     At all times relevant to this lawsuit, the policies, practices, and/or customs, of Defendants Tishomingo County, Sheriff Glenn Whitlock and Benny Parrish encouraged and/or enabled deputies and jailers to act with deliberate indifference to the constitutional rights of individuals.  The said policies, practices, and/or customs tolerated and/or encouraged gross misconduct of its police officers/deputies and jail staff by failing to adequately screen for hiring, supervise, discipline, or train its police officers and jail staff.

20.     The death of Karen A. Smith was the result of deficient training and supervision and unconstitutional policies, practices and/or customs by Defendants Tishomingo County, Sheriff Glenn Whitlock and Jail Administrator Benny Parrish.

21.     The aforementioned acts and/or omissions of Defendants were committed with actual malice and/or gross negligence which evidenced a willful wanton or reckless disregard for the safety of others.

22.     As a result of the Defendants' acts and/or omissions, Karen A. Smith suffered extreme pain and suffering, emotional distress and loss of enjoyment of life.  Plaintiffs have lost the lifelong love, companionship and support of their mother, and have suffered emotional distress and mental anguish.

## V.     FEDERAL CLAIMS

### COUNT ONE:

### FOURTH AMENDMENT CLAIM FOR UNLAWFUL ARREST AND DETAINMENT

23.     Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further allege as follows:

24.     Pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution, Defendants, under color of state law and with callous disregard and malicious intent, violated Karen A. Smith's well-established right to be free from unreasonable search and seizure by unlawfully arresting and detaining Karen A. Smith and denying her necessary medical treatment for approximately three (3) days when she had not committed any crime.

25.     Pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution, the Defendants are jointly and severally liable for the unlawful arrest, detainment and denial of medical assistance of Karen A. Smith which ultimately resulted in her death.

26.     The aforementioned actions and/or omissions by Defendants upon Karen A. Smith were the proximate cause of the injuries suffered by her and the Plaintiffs.

## COUNT TWO:

### EIGHTH AMENDMENT CLAIM FOR CRUEL
### AND UNUSUAL PUNISHMENT

27.    Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

28.    Pursuant to 42 U.S.C. 1983 and the Eighth Amendment to the United States Constitution, Defendants violated Plaintiffs' rights against cruel and unusual punishment by denying her necessary medical assistance while unlawfully detaining her in the county jail. Said violations by Defendants were the proximate cause of Plaintiff's injuries for which Defendants are jointly and severally liable.

## COUNT THREE:

### FOURTEENTH AMENDMENT CLAIM FOR VIOLATION OF
### SUBSTANTIVE DUE PROCESS

29.    Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

30.    Pursuant to 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Defendants violated Karen A. Smith's rights to substantive due process through Defendants' arbitrary actions and omissions. Said violations by Defendants were the proximate cause of Plaintiff's injuries for which Defendants are jointly and severally liable.

### VI.    STATE CLAIMS

## COUNT FOUR:

### FALSE ARREST AND IMPRISONMENT

31.    Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

32.     Defendants individually or collectively, falsely, unlawfully, maliciously and without probable cause detained Karen A. Smith on June 1, 2014, through June 4, 2014, in violation of her well-established rights under Mississippi common law.

33.     Karen A. Smith was falsely imprisoned by Defendants and such detainment and/or imprisonment was unlawful.  Looking at the totality of the circumstances surrounding the false imprisonment of Karen A. Smith, Defendants' actions were not objectively reasonable in nature, purpose, extent and duration.  Karen A. Smith reasonably believed that Defendants would resort to the use of further force should she have asserted a right to freedom.

34.      As a result of the Defendants' actions, Karen A. Smith suffered damages, including but not limited to physical injuries, mental and emotional distress and death.

### COUNT FIVE:

### NEGLIGENCE/GROSS NEGLIGENCE

35.     Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

36.     The actions and/or omissions of the Defendants through the unlawful detention of Karen A. Smith and denying her medical assistance which caused the anxiety, emotional distress, pain, suffering, and injuries to the Karen A. Smith were performed in a reckless and wanton manner and constituted gross negligence, and intentional torts by Defendants, all in violation of the statutory and common law of the State of Mississippi and the Mississippi Tort Claims Act, and in violation of Article 3, Sections 14 and 28 of the Mississippi Constitution.

37.     Defendants owed a duty to Karen A. Smith and Plaintiffs to act reasonably and prudently under the circumstances.

38.     Defendants breached their duties to Karen A. Smith which caused the damages suffered by her and by Plaintiffs.

39.     By way of alternative pleading, the Plaintiffs allege that Defendants' acts and/or omissions were negligent.

## COUNT SIX:

### WRONGFUL DEATH

40.     Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

41.     Defendants' acts and/or omissions, give rise to a cause of action for wrongful death pursuant to the Mississippi Wrongful Death Statute, M.C.A. 11-7-13, which cause of action is stated on behalf of the Plaintiffs and wrongful death beneficiaries of Karen A. Smith.

## COUNT SEVEN:

### INTENTIONAL AND/OR NEGLIGENT
### INFLICTION OF EMOTIONAL DISTRESS

42.     Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

43.     The acts and/or omissions by the Defendants, and each of them, as set forth above were so willful, wanton and grossly negligent as to show an utter indifference to the consequences of its actions and a reckless disregard for the rights and safety of Karen A. Smith which was so outrageous in character and so extreme in degree as to go beyond all bounds of decency and civilized conduct.  The Defendants knew, or should have known, that their actions would evoke outrage or revulsion resulting in severe emotional distress and anxiety on the part of Karen A. Smith and the Plaintiffs.  As a direct and proximate result of Defendants' willful,

wanton and grossly negligent acts, Karen A. Smith and the Plaintiffs were injured and damaged as alleged herein.

## COUNT EIGHT

### SUPERVISOR LIABILITY

44.     Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

45.     The Defendants' acts and/or omissions were encouraged, ratified and approved by Sheriff Glenn Whitlock, Benny Parrish and Tishomingo County, Mississippi, who failed to properly train and supervise the deputies and jail staff.

46.     Defendants Glenn Whitlock, Benny Parrish and Tishomingo County failed to provide adequate training and supervision to its officers in circumstances arising in the course of responding to reports of drug overdose as occurred in the instant case, as well as lawful arrests, detainments and treatment of persons detained.

47.     Defendant Tishomingo County is vicariously liable for the acts of Sheriff Glenn Whitlock, Benny Parrish, sheriff's deputies, jailers and other John Doe Defendants 1-15 by, *inter alia*, the doctrine of respondent superior.

48.     Defendant Glenn Whitlock is vicariously liable for the acts of sheriff's deputies, jailers and other John Doe Defendants 1-15 by, *inter alia*, the doctrine of respondent superior.

49.     Defendant Benny Parrish is vicariously liable for the acts of jailers and other John Doe Defendants 1-15 by, *inter alia*, the doctrine of respondent superior

50.     As a result of the Defendant's actions and inactions, Karen A. Smith and Plaintiffs have suffered damages, including, but not limited to anxiety, physical injuries, loss of

enjoyment of life, monetary damages, fear, humiliation, lost wages, loss of love and companionship, and mental and emotional distress.

## VII.   DAMAGES

51.   Plaintiffs incorporate herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

52.   As a direct and proximate result of the actions and/or omissions of Defendants, Karen A. Smith suffered damages including, but not limited to, medical and funeral expenses, physical injuries, pain and suffering, mental anguish, past and future lost wages and loss of life.

53.   Plaintiffs, as the wrongful death beneficiaries of Karen A. Smith, are legally entitled under the Mississippi Wrongful Death Statute, M.C.A. 11-7-13, to recover in this action all damages for all wrongful death beneficiaries of Karen A. Smith whose death was legally and proximately caused by the acts and/or omissions of Defendants.

54.   As a result of the aforementioned acts/and or omissions, Defendants are liable for all elements of damages arising from the violation of Karen A. Smith's rights and her wrongful death, including but not limited to the following:

a.   damages for the physical pain and suffering of Karen A. Smith prior to her death;

b.   damages for the mental anguish and horror suffered by Karen A. Smith prior to her death;

c.   damages for the losses of financial support and maintenance which Karen A. Smith provided and would have continued to provide to the Plaintiffs and the wrongful death beneficiaries;

d.   damages for the loss of love, companionship, society, advice and care of Karen A. Smith, the Plaintiffs and wrongful death beneficiaries suffered and will suffer in the future;

e.   damages for the funeral expenses resulting from the death of Karen A. Smith;

f.   damages for the value of life of Karen A. Smith;

g.     damages for all other losses, both economic and intrinsic and tangible and intangible arising from the death of Karen A. Smith;

h.     past pain and suffering;

i.     past medical expenses;

j.     extreme mental anguish;

k.     extreme emotional distress;

l.     statutory damages pursuant to 42 U.S.C. § 1983;

m.     attorneys' fees pursuant to 42 U.S.C. § 1988;

n.     punitive damages on all state and federal claims; and

o.     other damages to be shown during discovery and at trial.

### REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the following relief:

That process is issued in accordance with law to the Defendants and that Plaintiffs be granted a jury trial and judgment from and against the Defendants as follows:

1. Reasonable compensatory damages from and against each Defendant, in their individual and official capacities, individually, jointly, severally and/or vicariously, as appropriate;

2. Punitive damages as to Plaintiffs' federal claims from Defendants in their individual and official capacities in an amount reasonably calculated to punish each Defendant and to deter similar conduct by other law enforcement personnel/agencies, jail personnel and others similarly situated;

3. Punitive damages as to Plaintiffs' state common law and statutory claims against Defendants in their individual and official capacities;

4. Pre-judgment interest on liquidated damages;

5. Post-judgment interest;

6. All costs associated with bringing this action and prosecution, including all costs of court, reasonable attorney fees and expenses pursuant to 42 U.S.C. 1988 and state law; and

7. General Relief, to which Plaintiffs may be entitled which has not been specifically pled.

RESPECTFULLY SUBMITTED, this the 1st day of June, 2015.


BY: /s/ Robert G. Moore, Jr.
ROBERT G. MOORE, JR. (MBN 102877)
*Attorney for Plaintiffs*

OF COUNSEL:

Moore Law Firm
502 E. Waldron Street
Post Office Box 1990
Corinth, Mississippi 38835
(662)286-9505
(662)594-1575 (fax)
bmoore@moorelawms.com


PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY AS TO ALL COUNTS HEREIN.


BY: /s/ Robert G. Moore, Jr.
ROBERT G. MOORE, JR. (MBN 102877)
*Attorney for Plaintiffs*