**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ESTATE OF KAREN A. SMITH, ET AL** **PLAINTIFFS**

**VS.** **NO: 1:15-cv-00104-SA-DAS**

**TISHOMINGO COUNTY, MISSISSIPPI, ET AL** **DEFENDANTS**

**ANSWER AND DEFENSES OF SOUTHERN HEALTH PARTNERS, INC.**
**TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Southern Health Partners, Inc. ("Defendant"), by and through counsel, files this its Answer and Defenses to Plaintiffs' Second Amended Complaint [Dkt #56] filed in this matter as follows:

## FIRST DEFENSE

Defendant would show that the Plaintiffs' Second Amended Complaint [Dkt #56] fails to state a claim upon which relief may be granted and, pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant requests that the claims against it be dismissed.

## SECOND DEFENSE

Defendant invokes all protections and defenses available under the medical malpractice, civil justice and tort reform laws passed by the Mississippi Legislature in 2002 and 2004.

## THIRD DEFENSE

Plaintiffs' decedent's death was caused by circumstances, including but not limited to, pre-existing medical conditions, for which Defendant cannot be liable.

**FOURTH DEFENSE**

Defendant invokes the defense of comparative fault.

**FIFTH DEFENSE**

Defendant is immune from suit in the claims made against it in the Second Amended Complaint.

**SIXTH DEFENSE**

Defendant specifically asserts and invokes all defenses available to it as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which good faith legal and factual basis exists.

**SEVENTH DEFENSE**

This Court lacks subject matter jurisdiction because the Plaintiffs or Plaintiffs' decedent failed to exhaust administrative remedies as required by law and, as such, this action should be dismissed.

**EIGHTH DEFENSE**

At all times pertinent to this proceeding, Defendant acted in reliance upon then existing law, policies and procedures in good faith, without malice, reckless disregard, deliberate indifference, retaliatory motive or injurious intent, and is therefore entitled to qualified immunity and/or a special good faith defense.

**NINTH DEFENSE**

The Plaintiffs or Plaintiffs' decedent suffered no loss or deprivation of any rights, privileges or immunities afforded to it by the United States Constitution or applicable federal or state law by this Defendant.

**TENTH DEFENSE**

Additionally and/or alternatively, the Plaintiffs' or Plaintiffs' decedent's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, regulation, custom or practice attributable to this Defendant.

**ELEVENTH DEFENSE**

Defendant would show that the factual allegations of the Plaintiffs' Second Amended Complaint as against it, and the conduct complained of, do not violate any clearly established statutory or constitutional right of Plaintiffs' decedent, determined by the standard of objective reasonableness measured by reference to clearly established law under the United States Constitution. Further, Defendant is not guilty of any deliberate abuse of inherent governmental power, but rather, had probable cause and lawful justification for all actions undertaken by it.

**TWELFTH DEFENSE**

Defendant's conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. §1983. The Plaintiffs' allegations do not rise to the level of a constitutional tort.

**THIRTEENTH DEFENSE**

Defendant alleges that any damages suffered by Plaintiffs or Plaintiffs' decedent were the result of Plaintiffs' decedent's own negligence or conduct, or were otherwise the result of unlawful, unforeseen, intervening or superseding causes over which this Defendant had no control or liability.

## FOURTEENTH DEFENSE

Defendant specifically asserts and invokes all of the rights and defenses available to it, including, but not limited to, those set forth in Rules 8(c) and 19 of the Fed. R. Civ. P., all defenses available to it under 42 U.S.C. §1983, and/or applicable state and/or federal common law for which a good faith legal and/or factual basis exists in its favor.

## FIFTEENTH DEFENSE

The Plaintiffs' or Plaintiffs' decedent's alleged damages, losses and/or injuries, if any, are the proximate result of Plaintiffs' decedent's own actions and/or omissions or those of other persons for whom this Defendant is neither liable nor responsible such that said actions constitute the sole proximate cause of the Plaintiffs' or Plaintiffs' decedent's injuries and complaints, or alternatively, are an intervening/superseding cause. Alternatively and affirmatively, the Plaintiffs' recovery should be barred or reduced under principles of comparative fault or contributory negligence.

## SIXTEENTH DEFENSE

Defendant hereby asserts all affirmative defenses to which it may be entitled, including any and all statutes of limitation, repose and/or statutory limitations of liability herein available to it. In addition, this Defendant hereby reserves the right to assert any additional affirmative defenses to which it may be entitled once further discovery may be had in this proceeding.

## SEVENTEENTH DEFENSE

Defendant invokes all protections of Miss. Code Ann. § 85-5-7.

**EIGHTEENTH DEFENSE**

At all times relevant hereto, Defendant complied in all respects with the applicable standard of care.

**NINETEENTH DEFENSE**

Defendant affirmatively pleads the provisions of Miss. Code Ann. § 11-1-60.

**TWENTIETH DEFENSE**

Defendant asserts and raises all rights guaranteed by the United States Constitution and Mississippi Constitution, and Defendant affirmatively pleads the protections afforded by Miss. Code Ann. § 11-1-65.

**TWENTY-FIRST DEFENSE**

Defendant invokes all of the damage limitations stipulated under Miss. Code Ann. § 11-1-69.

**TWENTY-SECOND DEFENSE**

While denying any negligence on its part, this Defendant pleads the defense of superseding, intervening cause.

**TWENTY-THIRD DEFENSE**

**ANSWER**

And now, answering the allegations in the Second Amended Complaint, numbered paragraph by numbered paragraph, Defendant would show as follows:

**INTRODUCTION**

The allegations contained in the first unnumbered paragraph which begins "COME NOW" appear to be the argument of counsel that require no answer from this

Defendant. To the extent an answer is deemed required and to the extent the allegations are construed to adversely affect this Defendant, they are denied.

**PARTIES**

1. Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 1 and therefore enters a general denial to them.

2. Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 2 and therefore enters a general denial to them.

3. Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 3 and therefore enters a general denial to them.

4. The allegations of paragraph 4 are directed to a co-Defendant and require no answer from this Defendant.

5. The allegations of paragraph 5 are directed to a co-Defendant and require no answer from this Defendant.

6. The allegations of paragraph 6 are directed to a co-Defendant and require no answer from this Defendant.

7. The allegations of paragraph 7 are directed to a co-Defendant and require no answer from this Defendant.

8. The allegations of paragraph 8 are directed to a co-Defendant and require no answer from this Defendant.

9. The allegations of paragraph 9 are directed to a co-Defendant and require no answer from this Defendant.

10. The allegations of paragraph 10 are directed to a co-Defendant and require no answer from this Defendant.

11. The allegations of paragraph 11 are directed to a co-Defendant and require no answer from this Defendant.

12. The allegations of paragraph 12 are directed to a co-Defendant and require no answer from this Defendant.

13. The allegations of paragraph 13 are directed to a co-Defendant and require no answer from this Defendant.

14. The allegations of paragraph 14 are directed to a co-Defendant and require no answer from this Defendant.

15. The allegations of paragraph 15 are directed to a co-Defendant and require no answer from this Defendant.

16. The allegations of paragraph 16 are directed to a co-Defendant and require no answer from this Defendant.

17. The allegations of paragraph 17 are directed to a co-Defendant and require no answer from this Defendant.

18. The allegations of paragraph 18 are directed to a co-Defendant and require no answer from this Defendant.

19. It is admitted that Jessica Osborne is an employee of Southern Health Partners and in that capacity she provided nursing services at the Tishomingo County

Jail pursuant to a contract to which Southern Health Partners is a party. Otherwise, the allegations of paragraph 19 are denied.

20. Defendant admits that Southern Health Partners is a foreign corporation registered to do business in the state of Mississippi and that, pursuant to agreement, it waived service of process for the Second Amended Complaint. Otherwise, the allegations of paragraph 20 are denied.

## JURISDICTION AND VENUE

21. Defendant does not contest that this Court has subject matter jurisdiction. Otherwise, the allegations of paragraph 21 are denied.

22. Defendant does not contest venue in this Court. Otherwise, the allegations of paragraph 22 are denied.

## CAUSE OF ACTION

23. To the extent the allegations of paragraph 23 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 23 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

24. To the extent the allegations of paragraph 24 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 24 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

25. To the extent the allegations of paragraph 25 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 25 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

26. To the extent the allegations of paragraph 26 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 26 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

27. To the extent the allegations of paragraph 27 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 27 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

28. To the extent the allegations of paragraph 28 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 28 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

29. To the extent the allegations of paragraph 29 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 29 and therefore enters a general denial

to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

30. To the extent the allegations of paragraph 30 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 30 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

31. To the extent the allegations of paragraph 31 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 31 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

32. To the extent the allegations of paragraph 32 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 32 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

33. The allegations of paragraph 33 are directed to a co-Defendant and require no answer from this Defendant.

34. The allegations of paragraph 34 are directed to a co-Defendant and require no answer from this Defendant.

35. The allegations of paragraph 35 are directed to a co-Defendant and require no answer from this Defendant.

36. The allegations of paragraph 36 are directed to a co-Defendant and require no answer from this Defendant.

37. The allegations of paragraph 37 are directed to a co-Defendant and require no answer from this Defendant.

38. To the extent the allegations of paragraph 38 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 38 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

39. The allegations of paragraph 39 are directed to a co-Defendant and require no answer from this Defendant.

40. To the extent the allegations of paragraph 40 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

41. To the extent the allegations of paragraph 41 are addressed to this Defendant, except to state that Jessica Osborne was an employee of Southern Health Partners and provided nursing services at the Tishomingo County Jail, they are denied.

42. The allegations of paragraph 42 are denied.

43. To the extent the allegations of paragraph 43 are addressed to this Defendant, except to state that Phenergan was ordered for Plaintiffs' decedent on June 1, 2014, the allegations are denied.

44. To the extent the allegations of paragraph 44 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

45. To the extent the allegations of paragraph 45 are addressed to this Defendant, Defendant admits that Plaintiffs' decedent's speech was observed as being slurred. Otherwise, denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

46. To the extent the allegations of paragraph 46 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

47. To the extent the allegations of paragraph 47 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

48. To the extent the allegations of paragraph 48 are addressed to this Defendant, Defendant admits that Plaintiffs' decedent complained of chest pain and stated "I think it's an anxiety attack." It is further admitted that Nurse Osborne gave Ms. Smith Vistaril. Otherwise, the allegations of paragraph 48 are denied.

49. The allegations of paragraph 49 are denied.

50. To the extent the allegations of paragraph 50 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 50 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

51. To the extent the allegations of paragraph 51 are addressed to this Defendant, Defendant admits that, after Ms. Smith left the jail via ambulance, a counselor from Timber Hills reported to nurse Jessica Osborne by phone on June 4, 2014, that Plaintiffs' decedent reported taking nine (9) bottles of Tylenol during a counseling session on June 3, 2014. Otherwise, denied.

52. To the extent the allegations of paragraph 52 are addressed to this Defendant, it is admitted that a counselor from Timber Hills reported to nurse Jessica Osborne on June 4, 2014, after Ms. Smith left the jail via ambulance, that Plaintiffs' decedent had reported to the counselor taking nine (9) bottles of Tylenol during a counseling session on June 3, 2014. Otherwise, the allegations of paragraph 52 are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

53. To the extent the allegations of paragraph 53 are addressed to this Defendant, this Defendant denies that Jessica Osborne was provided this information. Otherwise, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 53 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

54. To the extent the allegations of paragraph 54 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

55. To the extent the allegations of paragraph 55 are addressed to this Defendant, Defendant admits that nurse Jessica Osborne was notified at approximately

5:06 a.m. on June 4, 2014, that Ms. Smith was lying on the floor of her cell and had a slow verbal response. Otherwise, the allegations of paragraph 55 are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

56. To the extent the allegations of paragraph 56 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 56 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

57. To the extent the allegations of paragraph 57 are addressed to this Defendant, this Defendant lacks sufficient information on which to base an assessment of the veracity of the allegations in paragraph 57 and therefore enters a general denial to them. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

58. The allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

60. To the extent the allegations of paragraph 60 are addressed to this Defendant, Defendant admits that Plaintiffs' decedent was evaluated by nurse Jessica Osborne at approximately 8:30 a.m. on June 4, 2014, was observed with smokeless tobacco on her lip, an oxygen saturation level of 88% and that an ambulance was called to transport Plaintiffs' decedent to the emergency department at North Mississippi

Medical Center. Otherwise, the allegations of paragraph 60 are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

61. To the extent the allegations of paragraph 61 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

62. To the extent the allegations of paragraph 62 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

63. To the extent the allegations of paragraph 63 are addressed to this Defendant, except to state that Plaintiffs' decedent was evaluated by nurse Jessica Osborne at approximately 8:30 a.m. on June 4, 2014, was observed with smokeless tobacco on her lip, an oxygen saturation level of 88% and that an ambulance was called to transport Plaintiffs' decedent to the emergency department at North Mississippi Medical Center, the allegations are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

64. To the extent the allegations of paragraph 64 are addressed to this Defendant, except to state that Plaintiffs' decedent was evaluated by Nurse Jessica Osborne at approximately 8:30 a.m. on June 4, 2014, and that an ambulance was called to transport Plaintiffs' decedent to the emergency department at North Mississippi Medical Center, the allegations are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

65. To the extent the allegations of paragraph 65 are addressed to this Defendant, it is admitted that Ms. Smith was transported to the hospital where she died, reportedly due to acetaminophen toxicity. Otherwise, the allegations of paragraph 65 are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

66. The allegations contained in Paragraph 66 of Plaintiffs' Complaint call for a legal conclusion and, thus, do not require a response from this Defendant. However, to the extent such allegations are construed as requiring a response, they are denied.

67. The allegations of paragraph 67 are directed to a co-Defendant and require no answer from this Defendant.

68. To the extent the allegations of paragraph 68 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

69. The allegations of paragraph 69 are directed to a co-Defendant and require no answer from this Defendant.

70. The allegations of paragraph 70 are directed to a co-Defendant and require no answer from this Defendant.

71. The allegations of paragraph 71 are directed to a co-Defendant and require no answer from this Defendant.

72. The allegations of paragraph 72 are directed to a co-Defendant and require no answer from this Defendant.

73. To the extent the allegations of paragraph 73 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

74. To the extent the allegations of paragraph 74 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

75. Defendant admits that Jessica Osborne is an employee of Southern Health Partners and provided nursing services at the Tishomingo County Jail. Otherwise, the allegations of paragraph 75 are denied.

76. To the extent the allegations of paragraph 76 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

## CLAIMS FOR RELIEF

## CLAIM 1 - FOURTH AMENDMENT

77. Defendant adopts and incorporates by reference its responses to paragraphs 1-76 of Plaintiffs' Second Amended Complaint as its response to paragraph 77.

78. The allegations of paragraph 78 are directed to a co-Defendant and require no answer from this Defendant.

## CLAIM 2 - FOURTEENTH AMENDMENT

79. Defendant adopts and incorporates by reference its responses to paragraphs 1-78 of Plaintiffs' Second Amended Complaint as its response to paragraph 79.

80. To the extent the allegations of paragraph 80 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

**CLAIM 3 – MTCA FALSE ARREST AND IMPRISONMENT**

81. Defendant adopts and incorporates by reference its responses to paragraphs 1-80 of Plaintiffs' Second Amended Complaint as its response to paragraph 81.

82. The allegations of paragraph 82 are directed to a co-Defendant and require no answer from this Defendant.

83. The allegations of paragraph 83 are directed to a co-Defendant and require no answer from this Defendant.

**CLAIM 4 – MTCA WRONGFUL DEATH RECKLESS DISREGARD**

84. Defendant adopts and incorporates by reference its responses to paragraphs 1-83 of Plaintiffs' Second Amended Complaint as its response to paragraph 84.

85. The allegations of paragraph 85 are directed to a co-Defendant and require no answer from this Defendant.

86. The allegations of paragraph 86 are directed to a co-Defendant and require no answer from this Defendant.

87. The allegations of paragraph 87 are directed to a co-Defendant and require no answer from this Defendant.

**CLAIM 5 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

88. Defendant adopts and incorporates by reference its responses to paragraphs 1-87 of Plaintiffs' Second Amended Complaint as its response to paragraph 88.

89. To the extent the allegations of paragraph 89 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

90. To the extent the allegations of paragraph 90 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

**CLAIM 6 – NEGLIGENCE**

91. Defendant admits that Jessica Osborne is an employee of Southern Health Partners and provides nursing services at the Tishomingo County Jail. Otherwise, the allegations of paragraph 91 are denied.

92. & 93. Defendant admits that Jessica Osborne is an employee of Southern Health Partners and provided appropriate nursing services with respect to Ms. Smith at the Tishomingo County Jail. Otherwise, the allegations of paragraphs 92 and 93 are denied.

94. It is admitted that this Defendant and Nurse Osborne owed a duty to Plaintiffs' decedent which is defined by Federal and Mississippi law. Otherwise, the allegations of Paragraph 94 are denied.

95. The allegations of paragraph 95 are denied.

96. The allegations of paragraph 96 are denied.

97. The allegations of paragraph 97 are denied.

## DAMAGES

98. Defendant adopts and incorporates by reference its responses to paragraphs 1-97 of Plaintiffs' Second Amended Complaint as its response to paragraph 98.

99. To the extent the allegations of paragraph 99 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

100. To the extent the allegations of paragraph 100 are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

101. To the extent the allegations of paragraph 101, including sub-paragraphs "a-n" thereunder, are addressed to this Defendant, they are denied. To the extent these allegations are addressed to other Defendants, no response is required from this Defendant.

In response to the last unnumbered paragraph beginning with the word "WHEREFORE," including paragraphs "1-7" thereunder, this Defendant denies that Plaintiffs are entitled to any damages, judgment, expenses, costs, or any recovery of any nature whatsoever from this Defendant on account of the allegations contained within the Second Amended Complaint. This Defendant further denies each and every allegation of Plaintiffs' Second Amended Complaint addressed to it and requiring an answer from it, whether numbered or unnumbered, except as specifically admitted in the foregoing paragraphs of this Answer.

## TWENTY-FOURTH DEFENSE

Defendant would show that the Plaintiffs' decedent was afforded all protections due her under the United States Constitution and that any action by this Defendant was reasonable and proper and complied with any and all Constitutional standards and that there was no violation whatsoever of Plaintiffs' decedent's Constitutional or other rights. Defendant would show that its employees were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiffs' decedent, including any need for medical treatment. Additionally, Defendant would show that any and all policies and procedures at the Tishomingo County Jail were adequate, proper, reasonable, and conformed with any and all Constitutional standards and/or requirements.

## TWENTY-FIFTH DEFENSE

Defendant specifically invokes and pleads all defenses to which it may be entitled under the Prison Litigation Reform Acts, 42 U.S.C. §1997.

And now, having fully answered the Plaintiffs' Second Amended Complaint [Dkt #56] filed against it, this Defendant asks that it be dismissed at the cost of the Plaintiffs.

This the 14th day of September, 2016.

Respectfully submitted,

**SOUTHERN HEALTH PARTNERS, INC.**

By: */s/ R. Mark Hodges*
R. MARK HODGES
JASON P. VARNADO

**OF COUNSEL:**

R. MARK HODGES – MB #2493 (*Lead Counsel*)
JASON P. VARNADO – MB #103839
WISE CARTER CHILD & CARAWAY, PA
401 East Capitol St., 6th Floor
P. O. Box 651
Jackson, MS 39225-0651
Telephone: 601-968-5500
Facsimile: 601-968-5519
rmh@wisecarter.com
jpv@wisecarter.com

## CERTIFICATE OF SERVICE

I, R. MARK HODGES, hereby certify that I have this day filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert G. Moore, Jr.
Moore Law Firm
Post Office Box 1990
Corinth, MS 38835

Victor I. Fleitas
Victor I. Fleitas, P .A.
452 North Spring Street
Tupelo, MS 38804

Jason T. Marsh, Esq.
Phelps Dunbar
4270 1-55 North
Jackson, MS 39211-6391

This the 14th day of September, 2016.

By: *<u>/s/ R. Mark Hodges</u>*
R. MARK HODGES